THOMAS A. BUCKLAND
*v.*
ELBRIDGE GODDARD.

1.  SECURITY FOR COSTS — *affidavit of residence.*    An affidavit of residence of the plaintiff, in answer to a motion to dismiss the suit for want of security for costs, which fails to state that plaintiff was a resident of the State when the suit was commenced, is insufficient to prove the residence at that time.

2.  BILL OF EXCEPTIONS — *should contain all the evidence.*    If the bill of exceptions fails to state that it contains all of the evidence heard on the motion, the presumption will be indulged that the court below decided correctly in overruling the motion to dismiss the suit.

WRIT OF ERROR to the Circuit Court of Fayette county; the Hon. CHARLES EMERSON, Judge, presiding.

This was an action of assumpsit, commenced by Elbridge Goddard, against Thomas A. Buckland, to the October term, 1861, of the Fayette Circuit Court. A writ of attachment was sued out, and placed in the hands of the sheriff, who

levied it on a large quantity of real estate. Defendant at the return term filed this affidavit: "Benjamin P. Vancourt, being duly sworn, on his oath says, that Elbridge Goddard, plaintiff in the above cause, was not, at the time of the commencement of this suit, a resident of the State of Illinois. BENJAMIN P. VANCOURT." Defendant thereupon entered a motion to dismiss the suit, for want of security for costs.

Plaintiff then filed this affidavit, in answer to the motion: "This affiant being duly sworn, on oath says, that he is informed and believes that Elbridge Goddard is a resident and citizen of Illinois, and has been for some time past; that affiant has corresponded with said Goddard, at Chicago, where he lives; that Goddard informed affiant that he was a resident of Illinois. S. W. MOULTON."

On the hearing of the motion to dismiss the suit, the court overruled the motion, to which defendant excepted.

Afterwards, at the April term, 1863, a trial was had before the court, by consent, without the intervention of a jury. The court found the issues for the plaintiff, and his damages were assessed at $3,231.19. Defendant entered a motion for a new trial, which was overruled by the court, and an exception was taken. The court then rendered a judgment in favor of plaintiff for the sum so found on the trial. Defendant brings the case to this court, by writ of error; and the question is presented, whether the court below erred in overruling the motion to dismiss the suit for want of security for costs.

Mr. H. K. S. O'MELVENY, for the Plaintiff in Error.

The filing attachment bond under chapter 9, section 5, p. 97, Purple's Statutes, does not dispense with the necessity of filing a bond for costs, if plaintiff in attachment is at the time a non-resident, as required in chapter 26, Purple's Statutes, p. 275, sec. 1.

Because the bond for costs is a security for all the costs which shall accrue in the "action" to the opposite party. The attachment bond, at most, secures only such costs as

may be recovered by reason of the wrongfully suing out the writ.

On the "bond for costs," the clerk can issue his fee-bill (without suit) for collection, but no costs can be collected from the parties executing the attachment bond until suit on the bond prosecuted to judgment.

The attachment bond for "all costs" which shall be awarded in any suit which may be brought for the wrongfully suing out the attachment, is, in a numerous class of attachment cases, no security for costs. .

1.   Where the attachment was rightfully sued out, but by reason of informalities, it is quashed.

2.   When properly sued out, but no personal service, nor property, nor garnishee indebted to defendant in attachment, can be found.

3.   When rightfully sued out, but by reason of irregularities it is quashed, or where the property levied upon has been, in trial of right of property, decided not liable to the attachment, yet personal service is had and plaintiff proceeds to judgment *in personam*, no suit would lie on the attachment bond.   *Sharp* v. *Hunter*, 16 Ala. Rep. 765 ; *Smith* v. *Story*, 4 Humphrey Rep. 169.

But if even the bond in attachment was a security for the costs, as well when rightfully as wrongfully sued out, it would fail to be so to any but the defendant in attachment, who alone could maintain suit upon it, (13 Grattan Rep. 139), and being a non-resident the officers are without a remedy.

Mr. S. W. Moulton, for the Defendant in Error.

Mr. Chief Justice Walker delivered the opinion of the Court :

This was an attachment, commenced in the Circuit Court of Fayette county.   Plaintiff in error entered a motion, based on an affidavit that defendant in error was a non-resident of the State when the suit was brought, to dismiss the suit.   It was

overruled, and pleas in bar were filed, and a trial was had, resulting in a judgment in favor of defendant in error. And it is insisted, that the court erred in overruling the motion. The bill of exceptions discloses the fact that a counter affidavit was filed, in which it was alleged, on the information and belief of the affiant, that defendant in error was then, and had been for some time previous, a resident of the State; that he had corresponded with him at Chicago, where he then lived, and that defendant informed affiant that he was a resident of Illinois. It will be observed that it is not stated that he was a resident of the State at the time suit was commenced, nor can it be inferred from the affidavit.

If this was all of the evidence heard by the court on the trial of the motion, the suit should have been dismissed. *Casey* v. *Horton, post,* page 234. But the bill of exceptions failed to state that no other evidence was heard. The presumption must be indulged, that the court has decided correctly, until the presumption is rebutted. For aught that appears, there may have been an abundance of evidence to establish the fact that defendant resided in the State at the time the suit was instituted, and the bill of exceptions failing to state that it contains all of the evidence, it must be presumed that there was other evidence. The judgment of the court below must therefore be affirmed.

*Judgment affirmed.*